UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

RICKY JONES,

        Plaintiff,

        v.                                                    Case No. 04-C-0298

GILBERT TOSLEK,
MILWAUKEE AREA IRONWORKERS
JOINT APPRENTICESHIP COMMITTEE,
C.D. SMITH CONSTRUCTION, INC.,

        Defendants.

---

DECISION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR A
TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION (DOC. #32),
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. #38),
DENYING PLAINTIFF'S MOTION TO ADD A PARTY (DOC. #40),
DENYING PLAINTIFF'S MOTION FOR A HEARING (DOC. #40),
DENYING AS MOOT DEFENDANT TOSLEK'S MOTION TO DISMISS (DOC. #42),
GRANTING DEFENDANT MILWAUKEE AREA IRONWORKERS JAC'S MOTION TO
DISMISS (DOC. # 46), GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE
RESPONSE IN OPPOSITION TO MILWAUKEE AREA IRONWORKERS JAC'S MOTION
TO DISMISS (DOC. #52), INSTRUCTING THE CLERK OF COURT TO TERMINATE
LOCAL 8 JOINT APPRENTICESHIP COMMITTEE AS A DEFENDANT,
AND DISMISSING CASE

        There are several motions for decision: a motion for a temporary restraining order and a preliminary injunction, a motion for default judgment against defendant Milwaukee Area Ironworkers JAC (JAC), a motion to add a party, a motion for a hearing, and a motion to supplement the response in opposition to JAC's motion to dismiss. In addition, defendant Gilbert Toslek and defendant JAC have filed motions to dismiss. These motions are discussed below.

**Plaintiff's Motion to Supplement the Response
in Opposition to JAC's Motion to Dismiss**

On July 10, 2006, Jones filed a motion to supplement his response in opposition to JAC's motion to dismiss, seeking to include in the record a transcript of a proceeding held on May 22, 2006, before Milwaukee County Circuit Judge Daniel A. Noonan. The Milwaukee County proceeding related to Jones' state court case against Toslek, Iron Workers Local 8, and defendant C.D. Smith Construction, Inc. (CDC). The plaintiff states in his motion that a stipulation was reached in the state case between all of the parties except JAC (Pl.'s Mot. to Supplement the Resp. in Opp'n to JAC's Mot. to Dismiss ¶ 1). The stipulation is included in the transcript, attached to plaintiff's motion as "Exhibit 1." The stipulation reads:

> . . . counsel for C.D. Smith, Mr. Fortune, and myself as counsel for Iron Workers Local No. 8 [and Toslek] shall each write a letter to the State of Wisconsin, the Milwaukee Area Ironworkers Joint Area Committee, recommending and requesting that the Joint Area Committee allow Ricky Jones to effect a reconsideration of the canceling of his apprenticeship agreement such as allowing Mr. Jones to submit a petition for reconsideration of its March 8, 2004 decision to uphold the JAC's cancellation of Mr. Jones apprenticeship agreement.

(Pl.'s Mot. to Supplement the Resp. in Opp'n to JAC's Mot. to Dismiss, Ex. 1 at 3.) Jones agreed to the terms of the stipulation. (Pl.'s Mot. to Supplement the Resp. in Opp'n to JAC's Mot. to Dismiss, Ex. 1 at 4). The transcript further states:

> THE COURT: The case, based upon this stipulation that the parties have consented to, then this matter is dismissed without prejudice. Does this agreement apply to the federal case as well?
>
> MR. JONES: Yes, sir, that would be included with the spirit of this agreement.
>
> THE COURT: I'll leave it up to you, Ricky, to get that dismissed as well.

(Pl.'s Mot. to Supplement the Resp. in Opp'n to JAC's Mot. to Dismiss, Ex. 1 at 4.)

Jones has not filed the stipulation of dismissal that he, Toslek and the CDC signed. However, the court may act *sua sponte* to dismiss under Fed. R. Civ. P. 41(a)(2). *Kotzen v. Levine*, 678 F.2d 140, 141 (11th Cir. 1982). It need not await a motion from the plaintiff to permit voluntary dismissal without prejudice. *Id.* Hence, Jones' motion to supplement the response in opposition to JAC's motion to dismiss will be granted.

**Plaintiff's Motions to Add a Party and For a Hearing**

On April 25, 2006, Jones filed a motion to add a party and a motion for a hearing. With respect to the motion to add a party, Jones advises:

> Plaintiff seeks to add parties and in support states; I, DRT states that he is an employee of "the Training Fund" (in Ingram v. Madison Square 709 P.2d 807); Union, and NOT Just Local which engaged in discriminatory referral practices while acting as referral agent for employer, was liable . . . .) WHEREFORE International Ass. of ETC. would appear to be connected plaintiff sees to now add the International association of Bridge, ETC. as a Deft.

This motion will be denied because Jones has failed to attach a copy of the original proposed amended pleading as required by Civil L.R. 15.1, and failed to identify clearly the changes that are being sought. From the face of the motion, this court is not able to identify the proposed defendant or otherwise understand why this party should be added two and a half years after the complaint was filed. Moreover, Jones' request for a settlement/scheduling conference appears moot in light of the settlement and the immunity issues that will be discussed below.

3

**Plaintiff's Motion for Default Judgment Against Defendant JAC**

On April 14, 2006, Jones filed a motion for default judgment against JAC, alleging that defendant JAC had failed to answer or plead in response to the amended complaint. (Pl.'s Mot. for Default J. Against JAC at 1). JAC maintains that the U.S. Marshals Service never served the JAC with paperwork in this case (Def. JAC's Br. in Supp. of JAC's Mot. to Dismiss at 4).

According to JAC, on or about February 7, 2006, the U.S. Marshals Service served defendant Toslek with his summons and complaint along with the summons and complaint for the JAC (Def. JAC's Br. in Supp. of JAC's Mot. to Dismiss at 1). Later, Attorney Timothy C. Hall, representing defendant Toslek, returned Toslek's waiver of service, but informed the U.S. Marshals Service that he could not waive service on behalf of the JAC because it was an arm of the State of Wisconsin organized pursuant to Wis. Stat. § 106.01 and Wis. Admin. Code § DWD 295.02 (Def. JAC's Br. in Supp. of JAC's Mot. to Dismiss at 2). The U.S. Marshals Service made a second attempt to serve JAC on February 23, 2006, at the same address where Toslek was served: 12034 W. Adler Ln., Milwaukee, WI 53218 (Executed Summons Served on JAC of 2/23/06). However, it is unclear why JAC was served at that address after receiving Attorney Hall's letter.

Under Fed. R. Civ. P. 4(j)(2), service on a state or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or in the manner prescribed by the law of that state. (Letter from Hall to U.S. Marshals Service of 2/7/06, at 1.) Consequently, the summons and complaint should have been served on the chief executive officer of the State of Wisconsin - the Governor - or the Attorney General of the State of Wisconsin. Wis. Stat. § 801.11(3)

4

(2005). However, because defendant JAC was not served on either occasion (i.e., on February 7, 2006, or February 23, 2006,) as required, Jones' motion for default judgment against defendant JAC is denied.

### Defendant JAC's Motion to Dismiss

On May 16, 2006, JAC filed a motion to dismiss asserting that it is an agency of the State of Wisconsin, entitled to Eleventh Amendment immunity under the U. S. Constitution and that there was failure of service. (Def. JAC's Mot. to Dismiss at 3, 4.) Because improper service may be cured by order of the court pursuant to Fed. R. Civ. P. 4(m), the court will first consider JAC's immunity claim.

The U. S. Supreme Court has held that a non unconsenting state is immune from suits brought in federal court by her own citizens as well as by citizens of another state. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). *See also* U.S. Const. amend. XI.[1] Further, that in the absence of consent an action in which the state or one of its agencies or departments is a defendant is prohibited by the Eleventh Amendment. *Pennhurst*, 465 U.S. at 100.

In its motion to dismiss, JAC states that it is an "organization" under Wis. Stat. § 106.01(5i)[(am)](1) and that it advises the Wisconsin Department of Workforce Development as well as any a party to an indenture pursuant to Wis. Admin. Code § DWD 295.02. (Def. JAC's Mot. to Dismiss at 3.) The court agrees with defendant JAC that it is indeed an agency of the State of Wisconsin, and for purposes of the Eleventh Amendment,

---

[1] "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

5

should be treated the same as states.  *See Kroll v. Bd. of Trustees of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991) *cert. denied*, 502 U.S. 941, 112 S. Ct. 377, 116 L. Ed. 2d 329 (1991).

A state may claim immunity from suit in federal court and must be dismissed from litigation unless one of two well-established exceptions apply.  *Kroll*, 934 F.2d at 907.  First, a state may by unequivocal language waive the protections of the Eleventh Amendment and thereby consent to suit in federal court.  *Id.*  Second, Congress may by unequivocal language use its enforcement powers under the Fourteenth Amendment to abrogate the states' Eleventh Amendment immunity.  *Id.*

In this case, it is clear from JAC's motion to dismiss that it is not waiving the protections of the Eleventh Amendment.  Hence, the only question is whether Congress has acted to abrogate states' immunity under the Eleventh Amendment for the particular claim or claims brought by the plaintiff.

In his amended complaint, Jones alleged two counts against JAC: (1) that JAC "would not allow work credit hours towards Journeyman degree for Jones, but would allow credits for John Doe Caucasian having worked at same place"; and (2) that defendant JAC "committed purposeful racial discrimination when they failed to notify [Jones] of cancellation of union membership or provide standard executive Board Hearing prior to termination required by union contract and enjoyed by Caucasian workers."  (Pl.'s Am. Compl. ¶¶ 9-10.)

Although Jones did not provide any statutory bases for these claims, he is not required to plead a legal theory and his complaint must be construed liberally.  *See generally Hart v. Transit Management of Racine, Inc.*, 426 F.3d 863 (7th Cir. 2005).  The court, in an earlier decision and order, recognized that Jones was procedurally barred from proceeding under Title VII yet potentially stated a claim under 42 U.S.C. § 1981.  Section 1981, among

6

other things, prohibits racial discrimination in the making and enforcing of contracts. (Decision and Order of 11/29/05.) *See* 42 U.S.C. § 1981(a) (2004).[2] At the same time, the Eleventh Amendment provides states and state agencies with immunity from suits based on 42 U.S.C. §§ 1981 and 1983. *Quern v. Jordan*, 440 U.S. 332, 344-45, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979); *Rucker v. Higher Educ. Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir.1982) (noting that Eleventh Amendment immunity bars section 1981 claims).

Jones requests the court to take judicial notice of the rulings in another of his cases, *Jones v. Ehlert*, 704 F. Supp. 885 (E.D. Wis. 1989), which states that "only claims for money damages are absolutely barred and in this case the plaintiff is also asking for injunctive relief." *Id.* at 886. However, in *Jones v. Ehlert*, Jones brought suit against the Wisconsin Department of Health and Social Services (WDHSS) and three individuals, including two nurses and one doctor, as employees of WDHSS, alleging violations of 42 U.S.C. § 1983. *Id.* at 885-886. Under § 1983, a state official may be sued in his or her official capacity when injunctive relief is sought because "official-capacity actions for prospective relief are not treated as actions against the State[, which would not be precluded by the Eleventh Amendment]." *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). In the case at bar, Jones has not named any persons from the JAC acting in an official capacity, nor has he brought a claim under 42 U.S.C. § 1983. Consequently, Jones'

---

[2] "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a) (2004).

7

§ 1981 claim for damages and a preliminary injunction is precluded because of JAC's Eleventh Amendment immunity.

As a final matter, the docket reflects four remaining defendants: Gilbert Toslek, Milwaukee Area Ironworkers JAC, CD Smith Construction, and Local 8 Joint Apprenticeship Committee. For the reasons set forth above, Toslek and CD Smith must be dismissed as defendants inasmuch as they have reached a global resolution of their state and federal cases. The Milwaukee Area Ironworkers JAC must be dismissed because it is a state agency immune from suit and Local 8 Joint Apprenticeship Committee was never named as a defendant separate from the Milwaukee Area Ironworkers JAC.

The amended complaint named "Gilbert Toslek, Milwaukee Area Ironworkers, Local 8 Joint Apprenticeship Committee, CD Smith Construction Company" as defendants. It charged that "Defendant Members of the Milwaukee Area Ironworker Joint Apprenticeship Committee discriminated against Jones . . ." On the other hand, the amended complaint did not allege any action or inaction by the Local 8 independent of the Milwaukee Area Ironworkers Joint Apprenticeship Committee. Therefore, the court ordered the U.S. Marshals to serve the Milwaukee Area Ironworkers Local 8 Joint Apprenticeship Committee. Recently, Jones stated that the only party left in the federal case is the "Milwaukee Ironworkers JAC" because the parallel Milwaukee County case had been resolved. To the extent that the record identifies "Local 8 Joint Apprenticeship Committee" as a defendant separate from "the Milwaukee Area Ironworkers JAC," the entry is erroneous and the docket should be corrected to reflect that Local 8 Joint Apprenticeship Committee is terminated as a party.

Now, therefore,

IT IS ORDERED that plaintiff's motion to supplement the response in opposition to JAC's motion to dismiss is granted. Defendants Toslek and CDC are dismissed from this case pursuant to the terms in the stipulation entered between plaintiff, Toslek and CDC.

IT IS FURTHER ORDERED that plaintiff's motion to add a party is denied.

IT IS FURTHER ORDERED that plaintiff's motion for a hearing is denied.

IT IS FURTHER ORDERED that plaintiff's motion for a default judgment against defendant JAC is denied.

IT IS FURTHER ORDERED that defendant JAC's motion to dismiss is granted.

IT IS FURTHER ORDERED that plaintiff's motion for a temporary restraining order and a preliminary injunction is denied as moot.

IT IS FURTHER ORDERED that defendant Toslek's motion to dismiss is denied as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall terminate Local 8 Joint Apprenticeship Committee as a defendant.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge